Case 2:20-cv-10837-AFM   Document 1-1   Filed 11/30/20   Page 1 of 6   Page ID #:6

Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2020 07:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
20STCV39094
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Benjamin A. Sampson, State Bar No. 291797
bsampson@bordinsemmer.com
6100 Center Drive, Suite 1100
Los Angeles, California 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120

Attorneys for Plaintiff,
ALICE MCKINNEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| ALICE MCKINNEY, an individual, | Case No.: 20STCV39094 |
| Plaintiff, | [UNLIMITED JURISDICTION] |
| v. | PLAINTIFF ALICE MCKINNEY'S COMPLAINT FOR: |
| SOUTHWEST AIRLINES CO., a company; and DOES 1-25, Inclusive, | 1. NEGLIGENCE; and |
| Defendants. | 2. PREMISES LIABILITY |
| | DEMAND FOR JURY TRIAL |

Plaintiff, ALICE MCKINNEY, for her Complaint against Defendants, SOUTHWEST AIRLINES CO., a company, and DOES 1 through 25, inclusive (hereinafter collectively "Defendants") with knowledge as to herself and otherwise on information and belief, hereby complains and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, ALICE MCKINNEY (hereinafter, "Plaintiff" or "Ms. McKinney"), was at all times relevant to this Complaint, an individual residing in Riverside County.

2. Defendant, SOUTHWEST AIRLINES CO. (hereinafter, "Southwest Airlines"), a Texas based company, is, and at all times relevant to this Complaint was, a company authorized to do business in the County of Los Angeles, State of California.

3. Defendants DOES 1 through 25 are persons or entities whose true names and identities are presently unknown to Plaintiff, and who therefore are sued under fictitious names.

1
PLAINTIFF ALICE MCKINNEY'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the injuries and events alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

4. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

5. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages to Plaintiff as herein alleged.

6. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers, or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

7. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages to Plaintiff as herein alleged.

8. This Court has jurisdiction over this matter because Defendants conduct business in Los Angeles County, California.

9. The amount of controversy exceeds the jurisdictional minimum of this Court.

## GENERAL ALLEGATIONS

10. On February 24, 2020, Ms. McKinney, a now 86-year-old woman, was traveling from Detroit Metropolitan Wayne County Airport to St. Louis Lambert International Airport for a connecting flight to Los Angeles International Airport via Southwest Airlines. Since it was raining in St. Louis, staff at Southwest Airlines placed a piece of carpet between the exit of the plane door and the passenger boarding bridge. As Ms. McKinney stepped from the plane exit door onto the

passenger boarding bridge, her foot became caught on a corner of the carpet that was placed incorrectly and/or flipped upward. As a result, Ms. McKinney fell forward on her left side, sustaining significant injuries.

11.     Southwest Airlines knew, or at the very least should have known, that the condition of the carpet and/or the immediately surrounding area posed an unreasonable risk of harm to Ms. McKinney and other passengers of Southwest Airlines. Southwest Airlines failed to maintain the condition of the placed carpet and/or failed to provide any warning that the carpet and/or the immediately surrounding area posed a risk of harm to Southwest Airline's passengers.

12.     Southwest Airlines and DOES 1 through 25 were negligent in their management of the premises because Defendants allowed the carpet and/or the immediately surrounding area to become hazardous for guests and invitees to Southwest Airlines and similarly failed to warn Southwest Airlines' guests and invitees of the risks posed by the unsafe premises.

13.     Although employees and/or agents of Southwest Airlines witnessed and/or knew of the incident, they did not attempt to help or assist Ms. McKinney. Instead, Ms. McKinney's friends and other passengers came to Ms. McKinney's aid. Paramedics arrived at St. Louis Lambert International Airport to render Ms. McKinney aid.

14.     As a direct and proximate result of Defendants' negligence, Ms. McKinney suffered and continues to suffer from significant physical injuries. Ms. McKinney also suffers from emotional distress as a result of the incident. Ms. McKinney's medical treatment is ongoing and her medical professionals have recommended further treatment as a direct and proximate result of this incident.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

### (On Behalf of Plaintiff and Against Defendants)

15.     Plaintiff re-alleges each and every allegation contained in the above paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

16.     At all times mentioned herein, Defendants, and each of them, were the designers, contractors, maintainers, owners, managers, inspectors, supervisors and controllers of the Southwest Airlines terminal where Ms. McKinney sustained a trip and fall.

17. On February 24, 2020, Ms. McKinney was a business invitee of Southwest Airlines such that Defendants owed Ms. McKinney a duty of care. At that time and on that date, Defendants, by and through their agents and employees, negligently failed to design, construct, control, supervise, repair, and/or maintain Southwest Airlines' premises and the premises where the incident took place so as to allow an unsafe, defective and dangerous condition to remain on the grounds of the premises for an unreasonable period of time without providing any warning.

18. The presence of the unsafe, defective and dangerous condition was known, or in the exercise of reasonable care would or should have been known to Defendants, by and through their agents and employees, in an adequate time for a reasonably prudent person to warn of, or remediate and make safe, the dangerous condition.

19. As a proximate result of the negligence of Defendants, by and through their agents and employees, Ms. McKinney tripped and fell while attempting to exit the plane owned, possessed, and/or controlled by Defendants and while attempting to access the passenger boarding bridge maintained, owned, possessed, and/or controlled by Defendants.

20. As a further and direct result of the negligence of Defendants, by and through their agents and employees, Ms. McKinney tripped and fell sustaining serious injuries, all of which have caused and continue to cause Ms. McKinney great physical and mental pain and suffering. Ms. McKinney's injuries continue to affect her day-to-day life.

21. As a direct and proximate result of Defendants' negligence, Ms. McKinney suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, and other economic and non-economic damages in a sum which will be established according to proof at trial.

## SECOND CAUSE OF ACTION
## PREMISES LIABILITY
### (On Behalf of Plaintiff and Against Defendants)

22. Plaintiff re-alleges each and every allegation contained in the above paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

///

23. Southwest Airlines and/or DOES 1 through 25 owned, leased, occupied, and/or controlled the plane Ms. McKinney attempted to exit, the carpet that was placed in a defective manner, and the passenger boarding bridge.

24. Southwest Airlines and/or DOES 1 through 25 were negligent in their use or maintenance of the property where the incident took place.

25. Ms. McKinney was harmed.

26. Southwest Airlines and/or DOES 1 through 25's negligence was a substantial factor in causing Ms. McKinney's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alice McKinney prays for judgment against DEFENDANTS, Southwest Airlines Co. and DOES 1 through 25 inclusive, and each of them, as follows:

1. For general and incidental damages according to proof and in excess of the jurisdictional minimum of this Court;
2. For past and future medical expenses;
3. For other economic and special damages according to proof;
4. For costs of suit incurred herein;
5. For pre-judgment interest according to proof; and
6. For such other and further relief as the Court deems just and proper.

Dated: October 13, 2020

BORDIN SEMMER, LLP

By: _____
Joshua Bordin-Wosk
Benjamin A. Sampson
Attorneys for Plaintiff,
Alice McKinney

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: October 12, 2020

BORDIN SEMMER, LLP

By: /s/ *signature*
Joshua Bordin-Wosk
Benjamin A. Sampson
Attorneys for Plaintiff,
Alice McKinney

PLAINTIFF ALICE MCKINNEY'S COMPLAINT AND DEMAND FOR JURY TRIAL