WORTHE HANSON & WORTHE
1851 EAST FIRST ST., SUITE 860
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MCKINNEY<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a company; and DOES 1-25, Inclusive.<br><br>　　　　　Defendants. | **Case No. 2:20-cv-10837 DMG(PVCx)**<br>**[LASC Case No. 20STCV39094]**<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

Based on the forgoing Stipulation of the parties, the Court finds that good cause exists to grant the Stipulated Protective Order and Orders as follows:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. ALICE MCKINNEY; and SOUTHWEST AIRLINES CO. (collectively, the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment

as confidential.

2. In connection with discovery and the trial of this action, the Parties may designate certain documents and testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulation and Stipulated Protective Order ("Order").

3. "Confidential" information is information which has not been made public and which concerns or relates to the Parties' business practices and falls within Federal Rule of Civil Procedure 26(c)(1)(G).

4. GOOD CAUSE STATEMENT.

The Parties believe that the designation of certain documents as Confidential is necessary because there is significant risk in disclosing certain highly sensitive information beyond the purposes of this litigation. The Parties could be irreparably harmed if information designated as Confidential is divulged or somehow wrongly misused by the Parties or non-parties. The unfettered disclosure of the information, including but not limited to the filing of the documents in the public record, could be harmful to the commercial interests of the Parties. There is good cause to enter this Protective Order to ensure adequate protection against the wrongful use or disclosure of Protected Material, and to protect the value associated with the Protected Material. Any violation of the confidentiality obligations set forth in this Protective Order could be detrimental and prejudicial to one or more Parties. The Parties agree that the concerns set forth in this paragraph are asserted in good faith.

5. A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

6. By designating a document, testimony or other information derived therefrom as Protected Material labeled "Confidential" under the terms of this Stipulation and Protective Order, the Parties are certifying that there is a good faith

basis both in law and in fact for the designation. Such "Confidential" materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

7. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly designated as so before the material is disclosed or produced. Designation in conformity with this Order requires:

    a. for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the party producing Protected material ("Producing Party") affix the legend "Confidential" on each page that contains protected material, or prominently on each electronic media that contains protected material.

    b. for testimony given in deposition or in other pretrial proceedings, testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at the deposition or other proceeding. Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

    c. for information produced in any other form, including any tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

8. Information or material produced which is designated as "Confidential" may be disclosed or made available only to the Court, to counsel for a party

(including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a.    in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking confirming that they have reviewed and agree to be bound by the terms of the protective order;

    c.    court reporter(s) employed in this action;

    d.    a witness at any proceeding in this action; and,

    e.    any other person as to whom the Disclosing Party agrees in writing.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

10. In the event that any Protected Material is used in any proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use; however, this Paragraph does not apply where the Protected Material appears in the public record.

11. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation norc any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-

confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Neither the stipulation nor its contents, nor designation of a document as "Confidential," nor any party's objection or failure to object to such a designation is admissible as evidence for the purpose of proving or disproving any matter at issue in the litigation. Further, the Parties agree that the "Confidential" designation provided on documents for purposes of production under this Protective Order is not admissible for any purpose. In addition, the parties agree that the "Confidential" designation added pursuant to this Protective Order shall not appear on any trial exhibit or any other document shown to the jury.

12. Inadvertent production of privileged material, or the inadvertent failure to designate material as "Confidential," does not waive the privileged or confidential status of the document or information.

13. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of all the terms of this Order. If the designated documents have already been filed with the Court without the confidential designation, the Designating Party may move the court for filing of the document under seal.

14. Any party may challenge the confidentiality designation of the other party, but shall be required to maintain the confidentiality of the information unless and until a ruling issues designating that the information ought not be deemed "Confidential" or the Designating Party fails to seek a ruling on the confidentiality of

5
PROTECTIVE ORDER PURSUANT TO STIPULATION

the designated material, as set forth in detail in Paragraph 18.

15. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

16. If the parties are unable to resolve their dispute regarding the confidentiality of the designated material following the meet and confer process set forth in Paragraph 16, the Designating Party must, pursuant to Federal Rule of Civil Procedure 26, and the rules of this Court, file and serve a motion for a protective order that identifies the material designated as confidential and affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph. The Designating Party bears the burden of persuading the Court that the information is Confidential within the definition of that term set forth above.

17. In the case of a dispute, the material designated as confidential will be deemed confidential until thirty (30) days following the start of the meet and confer process set forth in Paragraph 16. If the Designating Party files a motion for a protective order, as set forth in Paragraph 17, the designated material maintains its confidentiality designation until the court orders otherwise. If the Designating Party fails to file a motion for a protective order following the meet and confer process, after thirty days from the start of the meet and confer process, the material is no longer considered confidential.

18. Upon written request, at the conclusion of this matter, the Parties hereby agree to promptly return all copies of all Protected Material received; or, in the alternative, such parties may shred all copies of all such Protected Material and promptly send written confirmation from the other Party that it has complied with the

terms of this Stipulation. Notwithstanding, Counsel shall be able to retain a copy of confidential information that has been submitted in a pleading or marked as an exhibit in a deposition.

19. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court retains and shall have jurisdiction over the Parties, their attorneys and all recipients of discovery designated "Confidential" for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this Order on application by any party.

20. This Order shall not preclude a party from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

21. This Order shall be binding upon the Parties to this action, the attorneys for each party and upon any recipient of discovery designated as "Confidential" and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

**IT IS SO ORDERED.**

DATED: May 21, 2021

_____
HON. PEDRO V. CASTILLO
United States Magistrate Judge